## Peter Possehl v. Adam Arnold, Sr.

1. NEW TRIALS—*On Newly-Discovered Evidence.*—In order to obtain a new trial on the ground of newly-discovered evidence it must be conclusively shown to the court, not only that it has been discovered since the trial, but that it is material to the issues, and could not by the use of reasonable diligence have been produced at the trial.

Trover.—Trial in the County Court of Cook County; the Hon. WALES W. WOOD, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed. Opinion filed October 27, 1898.

ARTHUR & BOLAND, attorneys for appellant.

RICH & STONE and FRANK H. DECKE, attorneys for appellee.

On September 8, 1896, appellant, a creditor of one Adam Arnold, Jr., who is a son of appellee, caused a writ of attachment to be issued in his suit against Arnold, Jr., and had it levied upon certain chattels. The chattels were sold under the attachment proceedings on December 5, 1896. On December 1, 1896, after the levy of the attachment writ, but before sale, appellee purchased of the Chicago Mortgage and Loan Co. a promissory note of said Arnold, Jr., which was secured by chattel mortgage on these same chattels. The mortgage was properly executed, acknowledged, and had been recorded on the 17th day of July, 1896.

No question is raised as to the validity of the note or mortgage securing it.

After the sale of the property in the attachment proceedings and delivery of the same to the purchaser at such sale, appellee, as the holder of the chattel mortgage, began this suit in trover against appellant for the conversion of the chattels, and recovered the judgment from which this appeal is prosecuted.

MR. JUSTICE SEARS delivered the opinion of the court.

It is contended by counsel for appellant that the verdict is not supported by the evidence. In this behalf it is

claimed, first, that appellee had no right to the property at the time of the seizure upon the attachment writ, because his right by purchase of the mortgage accrued only after levy, although before sale; and, second, because, it is claimed, there is no sufficient showing that appellant authorized the sale under the attachment proceeding.   It is also urged that the trial court erred in admitting a schedule of property made. by Arnold, Jr., in the attachment suit, and erred in refusing to permit cross-examination of appellee's witnesses. It is also urged that a new trial should have been granted on the ground of newly-discovered evidence.

The evidence shows that under the terms of the chattel mortgage, appellee, the then owner thereof, was entitled to immediate possession on December 5, 1896, the date of the sale.   No question is raised as to demand by counsel for appellant. · The evidence is sufficient to warrant the finding by the jury that the sale was authorized and directed by appellant.

The schedule of his property filed by Arnold, Jr., in the attachment suit, was not an item of evidence material to the issues tried in this cause; but it was a part of the files of the case in the attachment proceeding, all of which were admitted in evidence, and some of which were material.

While the schedule had no bearing upon the issues here, we are not prepared to say that its admission could have been prejudicial to appellant.

The brief of counsel for appellant fails to point out any exclusion of evidence upon cross-examination to which he excepted at the trial.   Nor are we able to find in the abstract any such exceptions.

The newly-discovered evidence relied upon as ground for a new trial .relates solely to the ownership by appellee of the chattel mortgage.   Due exercise of diligence would have required the attendance of appellant or his counsel at the trial of this cause before the justice of the peace, where the importance, if any, of Lynch's testimony would have been discovered and between the time of that trial and the trial. in the County Court there was ample opportu-

nity to have obtained the evidence. No effort whatever is shown in this direction until after the trial in the County Court, and the diligence then exercised came too late.

No other question is presented by the briefs of counsel. The judgment is affirmed.